STATE, Appellant, v. CONKLIN, et al (WINTER et al, Respondents).

(168 N. W. 861).

(File No. 4281.   Opinion filed July 22, 1918).

1.   Trials—Escheat Case, Whether for Jury—Statute.

Laws 1909 Ch. 104, providing that the state may maintain suit or proceeding necessary to recover possession of property whenever title thereto shall fail through defect of heirs and escheat to the state, does not contemplate trial of escheat causes before a jury.

2.   Trials—Escheat Causes—Voluminous Evidence—Whether Issues for Jury.

In a suit by the state to recover property alleged to have escheated for want of heirs of decedent, the evidence being very voluminous, held, that to submit the issues to a jury is impracticable; since no proper consideration of such testimony can be had until same has been reduced to writing, thus making possible a careful study and analysis thereof.

3.   Trials—Juror, Disclosure by of Pertinent Knowledge to Fellow Jurors, Effect re Verdict.

In a suit by state to enforce an escheat of property of a decedent, held, that; it appearing that a juror possessed knowledge he should have disclosed in court, and which he apparently did disclose to his fellow jurors, such incompetency rendered finding of jury entitled to no weight or consideration.

4.   Heirships—Escheat Cause—Identity of Heirs—Dissimilarity of Persons, Evidence, Clear Prepondence as Determinative.

Where, in a suit by a state to enforce an escheat of property

for want of heirs of decedent owner thereof, the evidence showing by clear prepondence and by high improbability that one known as George Winters, as the decedent, and one known as George Rodney Winter were not the same person, while showing to almost a certainty that one George Winter was one and the same person as George Rodney Winter; also by clear prepondence that George Rodney Winter was born 7 years before date of birth of said George Winters, that the two parties were entirely dissimilar in appearance, lived in widely separated parts of the United States, and that various other circumstances connected with their various lives were dissimilar; held, that they were different persons; and that he known as George Winters, and not George Rodney Winter, was the real decedent.

5. Evidence—Action for Escheat Cause—Identity of Persons—Personal Resemblance, Weight Of, As Evidence of Identity.

In a suit by state to enforce escheat of property alleged to be that of an heirless decedent, held, in determining question of identity of alleged heirs, that while personal resemblance is a circumstance to be considered, yet every-day experience shows it should be given little weight.

6. Evidence — Statements by Decedent — Credibility, Conflicting Statements, How Far Grounds for Rejecting All Statements—Rule.

While decedent is shown to have made conflicting statements in his lifetime concerning many things, yet such conflict furnishes no ground for rejecting all statements claimed to have been made by him; the contradictory statements should be weighed in the light of conceded facts considering persons to whom and circumstances under which same were said to have been made. So held, where decedent, when called upon to make a written record concerning his age and other material matters, made records inconsistent with the claim that he was George Rodney Winter; his identity as George Winters being held on appeal to have been sustained by the evidence.

Polley, J., dissenting.

Appeal from Circuit Court, Yankton County. Hon. Robert B. Tripp, Judge.

Action by the State of South Dakota, against Raymond B. Conklin et al, for adjudication that property left by an intestate, escheated to the state. From a judgment for defendants, and from an order denying a new trial, the state appeals. Reversed.

Clarence C. Caldwell, Attorney General, Edwin R. Winans, Assistant Attorney General, and A. L. Wyman, State's Attorney, for Appellant.

*French, Orvis & French,* and *Bogue & Bogue,* for Respondents.

WHITING, P. J.  In this action the state seeks an adjudication that the property left by one George Winters, who died intestate, has escheated to the state. The defendants claim said property ently he did disclose to his fellow jurors—the finding of the jury is only issue is as to whether or not George Winters, who died at Yankton, S. D., December 31, 1913, was one and the same person as George Rodney Winter, who was born in Massachusetts, January 21, 1833. The defendants clearly established their right to judgment if these persons were one and the same. Trial was had before the court and a jury. The jury found in favor of defendants—that the said George Winters was one and the same person as the said George Rodney Winter. The trial court adopted such finding. After the trial before the jury, and before the making of findings by the court, additional testimony was received. From the judgment rendered by the trial court, and from an order denying a new trial, this appeal was taken by the state.

[1, 3] We are of the opinion that the law of this state (chapter 104, Laws 1909) does not contemplate the trial of escheat causes before a jury. Furthermore, we are of the opinion that, in a cause such as the one before us, where the testimony was very voluminous, to submit the issues to a jury is impracticable. No proper consideration of such testimony can be had until the same has been reduced to writing, thus making possible a careful study and analysis of same. We are also of the opinion that, for other reasons apparent in the record, including the fact that one of the jurors was clearly incompetent—being possessed of knowledge which he should have disclosed in open court and which apparently he did disclose to his fellow jurors—the finding of the jury is entitled to no weight or consideration whatsoever.

There was received the testimony of a half-brother and of a cousin of George Rodney Winter in relation to the early life, and the physical and other peculiarities of said George Rodney Winter; the testimony of numerous persons in relation to the life, and the physical and other peculiarities of George Winters; and the testimony of numerous persons in relation to one George Winter who, for many years, lived in, and who died in, the Black Hills of this state. The state contends that this party who died in the Black

Hills, and not George Winters who died at Yankton, was George Rodney Winter.

Each side contends that the proof in this case amounts to a demonstration in its favor. If such evidence does not amount to an absolute demonstration that George Winters, and George Rodney Winter were not the same person, such evidence does show that it is highly improbable that they were the same person, and does show that it is almost a certainty that George Winter, of the Black Hills, was one and the same person as George Rodney Winter. If it was the estate of George Winter, who died in the Black Hills, that was in controversy, defendants would clearly be entitled to a judgment finding and holding them to be entitled thereto.

No useful purpose could be subserved by our giving a complete statement or even a synopsis of the evidence in this case. We have studied this evidence with great care. We have considered the relations existing between the decedent and each of the various witnesses who knew him in Yankton county; have considered the opportunity of each for knowing the facts concerning which he or she testified; where his statements have differed, have considered the probability as to which one the decedent would have made truthful statements in relation to his past history; and where the testimony conflicts in relation thereto, have considered the probable chances of the witness having a correct and definite knowledge as to physical peculiarities of decedent.

The clear preponderance of the evidence establishes that George Rodney Winter was born in Massachusetts, January 21, 1833; that he was a tall, rawboned man with large hands and feet, standing at least six feet one inch in height and wearing about a No. 11 shoe; that his mother died when he was but 2 years of age and his father died in the year 1877; that he was of supposedly English and Dutch parentage; that he had very little schooling, and was apparently well versed in nothing but woodcraft and teaming; that he teamed along the line of the Northern Pacific Railway in Minnesota in the summer of 1871; that he teamed along the same railway between Moorhead, Minn., and Bismarck, Dakota Territory, in 1872 and 1873; that he was seen in Moorhead July 4, 1872, between there and Bismarck probably the latter part of July, 1872, and the first of September, 1872, and in Bismarck in the summer of 1873. The clear preponderance of the

evidence also establishes the fact that George Winters, of Yankton, whose estate is the subject of this action, was born November 25, 1840, of Scotch parentage, either in Scotland or in New York state; that both of his parents died when he was about 3 years of age, they dying within a short period the one from the other; that he grew up in New York state; that he was never as much as six feet in height; that his hands were not of unusual size; that he did not wear a shoe larger than a No. 9; that he taught school for 2 years when he was from 16 to 18 years of age; that he was a carpenter by trade; that he went from New York to California in 1858; that in the year 1871 he was in Chicago and worked at his trade; that on August 29, 1872, he filed on land in the southern part of this state; that he worked at his trade in Yankton county in 1872 and 1873; and that he remained continuously in Yankton county from 1872 until he died, with the exception of two or three short trips away, one of which was to the Black Hills in 1877.

[5] The respondents seem to make much of the fact that several of the witnesses testified as to noting a resemblance between decedent and one of the defendants—a half-brother of George Rodney Winter. It is possible that the trial court also considered this evidence of great weight. While it is a circumstance to be considered, yet everyday experience teaches one that it should be given little weight—we have all known of near relatives having little or no resemblance to one another, and have known other persons who bore a striking resemblance the one to the other and yet were absolutely unrelated.

[6] While there are a great many things revealed in the testimony showing conflicting statements made by said George Winters, yet such conflict furnishes no grounds for discarding and rejecting all statements claimed to have been made by him. We can only weigh such contradictory statements in the light of conceded facts, considering especially the persons to whom and the circumstances under which the statements were said to have been made. Upon every occasion when decedent was called upon to make a written record as to his age or as to any other matter that is material to the issue in this case, such written records are inconsistent with the claim that he was George Rodney Winter. This is especially true as to writings bearing upon his ancestry, his age, the date of

his birth, and his place of residence during the years 1872 and 1873.

The judgment and order appealed from are reversed.

POLLEY, J. (dissenting). After an examination of the record in this case, I believe that the findings of fact and judgment of the trial court are fully sustained by the evidence; and certainly there is not such a preponderance of evidence against the findings that this court is warranted in reversing the judgment on the ground of the insufficiency of the evidence.